UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CLAUDETE BULLEN, EDWARD BULLEN, :
MATTHEW BULLEN, :
: **DECISION & ORDER**
Plaintiffs, : 14-cv-3185 (WFK) (RLM)
:
-*against*- :
:
WELLS FARGO HOME MORTGAGE, :
ARGENT MORTGAGE COMPANY, LLC :
WACHOVIA CORPORATION :
:
Defendants. :
------------------------------------------------------------------X

**WILLIAM F. KUNTZ II, United States District Judge:**

Claudette Bullen, Edward Bullen, and Matthew Bullen (collectively "Plaintiffs"), proceeding *pro se*, brought this action in the Supreme Court of the State of New York, County of Queens on December 23, 2013 against Defendants Wells Fargo Home Mortgage, Argent Mortgage Company, LLC, and Wachovia Corporation (collectively, "Defendants"). On May 21, 2014, Defendants removed the case to this Court. Plaintiffs allege Defendants conducted an illegal foreclosure of a mortgage and bring claims against Defendants for fraud, wantonness, abuse of process, trespass, slander, wrongful foreclosure, unjust enrichment, and civil conspiracy. Currently before the Court is Defendant Wells Fargo Home Mortgage's and Defendant Wachovia Corporation's motion to dismiss the Complaint for failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6). For the reasons that follow, Defendants' motion to dismiss is GRANTED.[1]

## BACKGROUND

Plaintiffs Claudette Bullen and Matthews Bullen are residents of Queens, New York.

Dkt 1. (Notice of Removal), Ex. A ("Complaint") at ¶¶ 1-2[2]. Plaintiff Edward Bullen owns

---

[1] Because the Court finds the Complaint fails to state a cause of action as to any Defendant, the Court dismisses the Complaint with respect to Defendant Argent Mortgage Company, LLC *sua sponte*.

[2] Plaintiffs' Complaint has several errors with respect to the numbering of paragraphs. For purposes of this Order, the Court has re-numbered the paragraphs in the appropriate order.

property in Saint Albans, New York. *Id.* at 3. Defendants conduct business within the state of New York. *Id.* ¶¶ at 4-6.

According to Plaintiffs, Defendants have "engaged in predatory lending, fraud and [] there appears to be an illegal transfer of mortgage and fraudulent assignment of mortgage." *Id.* at ¶ 9. Plaintiffs' further state Defendants conducted an illegal foreclosure by way of "Wells Fargo Bank using defective and misrepresented documents." *Id.* at ¶ 11.

Based on the foregoing, Plaintiffs bring the following causes of action: fraud, wantonness, trespass, abuse of process, slander of title, wrongful foreclosure, unjust enrichment, and civil conspiracy. *Id.* at ¶¶ 8-30. Plaintiffs seek various types of relief, including discharge of mortgages on the real property located at 104-21 200th Street, Saint Albans, New York. *Id.* at ¶¶ a-d.

## DISCUSSION

### I.  Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A sufficiently pled complaint "must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). If a complaint merely offers labels and conclusions, a formulaic recitation of the elements, or "naked assertions devoid of further factual enhancement," it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (internal quotation marks and alteration omitted). At this stage, the Court accepts all factual allegations in the complaint as true and

draws all reasonable inferences in favor of Plaintiff, the non-movant. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 72 (citing *Iqbal*, 556 U.S. at 678) (internal quotation marks and alteration omitted). Moreover, the Court is "not bound to accept as true legal conclusion couched as factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). Legal conclusions must be supported by factual allegations. *Id.*; *Pension Benefit Guar. Corp.*, 712 F.3d at 717-18. With these principles in mind, the Court turns its analysis to Defendants' motion to dismiss.

## II. Analysis

As an initial matter, Plaintiffs have not opposed Defendants' motion to dismiss. However:

> [a Plaintiff's] failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint. In deciding an unopposed motion to dismiss, a court is to assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. Accordingly, [a] Court must review the Complaint to determine whether plaintiff has carried his burden.

*Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (Holwell, J.) (internal quotation marks, citations, and ellipses omitted). Moreover, because Plaintiffs are *pro se*, "the Court must liberally construe [Plaintiffs'] pleadings, and must interpret [the] Complaint to raise the strongest arguments it suggests. *Id.* at 564-65 (internal citation marks omitted).

### A. Plaintiffs Wrongful Foreclosure, Trespass, and Unjust Enrichment Claims Must be Dismissed Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)

With respect to Plaintiffs' claims for trespass, Plaintiffs concede "[t]here are no such claims for wrongful foreclosure in this case." Complaint at ¶ 26. Plaintiffs state exactly the same with respect to their trespass and unjust enrichment claims. *Id.* at ¶¶ 20, 28. Because Plaintiffs admit no cause of action exists with respect to their wrongful foreclosure, trespass, and unjust enrichment claims, those claims must be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim.[3]

### B. Plaintiffs' Claims based on Fraud Must be Dismissed Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6)

Plaintiffs allege Defendants engaged in fraud and predatory lending because Defendants conducted an illegal foreclosure by way of "Wells Fargo Bank using defective and misrepresented documents." Complaint at ¶¶ 9, 11.

Where Plaintiffs are alleging claims based on fraud, they must satisfy the more stringent pleading requirements of Rule 9(b), which demands that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he allegations should 'specify the time, place, speaker, and content of the alleged misrepresentations.'" *Protter v. Nathan's Famous Sys., Inc.*, 904 F. Supp. 101, 106 (E.D.N.Y. 1995) (Spatt, J.) (quoting *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987)).

Here, Plaintiffs fail to shed any light on how the documents were defective and misrepresenting. There are no facts explaining the circumstances of the allegations, such as

---

[3] Even if Plaintiffs mistakenly conceded these claims, they would be dismissed since Plaintiffs' descriptions of these claims do no more than provide "'an unadorned, the-defendant-unlawfully-harmed-me accusation. *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 678); *see also infra* Section II. C.

content or time, to suggest Defendants engaged in fraud. Accordingly, Plaintiffs' fraud claim must be dismissed for failure to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6).

### C. Plaintiffs have Failed to State a Cause of Action against Defendants for the Remaining Claims Asserted in the Complaint

Plaintiffs' remaining causes of action are wantonness, abuse of process, slander of title, and civil conspiracy. Like the aforementioned claims, these claims must also be dismissed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim.

Plaintiffs' complaint fails to provide any facts to suggest wantonness, abuse of process, slander of title, unjust enrichment, and civil conspiracy[4]. Instead, Plaintiffs' complaint is filled with "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. For example, with respect to Plaintiffs' slander claim, Plaintiffs state "there are seven such claims for slander of title but only this adverse possession thereof to challenge the claim and mortgage thereof." Complaint at ¶ 24. But, Plaintiffs fail to state what seven claims or facts comprise their cause of action for slander. Plaintiffs do exactly the same with respect to their abuse of process claim where they state "[t]here are several areas that [Defendants] collectively abused the legal process and such abuse of process claims filed in this action[.]" *Id.* at ¶ 22. Yet, Plaintiffs fail to state any area in which Defendants abused the legal process and fail to state any facts to suggest how Defendants abused the legal process. Unfortunately, Plaintiffs also run into this issue with respect to their civil conspiracy claim by stating "[t]here are four areas of conspiracy claims and such claims of civil conspiracy filed by [Plaintiffs] in this case." *Id.* at ¶ 30. Again, Plaintiffs do

---

[4] Plaintiffs' civil conspiracy claim also fails as a matter of law because New York courts do not recognize a claim for civil conspiracy. *Alexander & Alexander of N.Y., Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986) ("[A] mere conspiracy to commit a [tort] is never of itself a cause of action. Allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort.") (internal citations and quotations omitted).

not state any area in which Defendants could be liable for conspiracy claims. Moreover, Plaintiffs provide no facts to suggest any civil conspiracy amongst Defendants. Plaintiffs' cause of action for wantonness also suffers from the same deficiencies. *Id.* at ¶ 19. These types of descriptions do no more than provide "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 678). Accordingly, Plaintiffs' causes of action for wantonness, abuse of process, slander of title, and civil conspiracy claims must be dismissed for failure to state a cause of action.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, Dkt. 6, is hereby GRANTED.

**SO ORDERED.**

/s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 15, 2015
Brooklyn, NY